307 P.2d 210

**Karna HELD, Plaintiff and Respondent,**
v.
**AMERICAN LINEN SUPPLY CO., a corporation, Defendant and Appellant.**

**No. 8513.**

Supreme Court of Utah.

Feb. 8, 1957.

Peter W. Billings, Louis H. Callister, Nathan J. Fullmer, Salt Lake City, for appellant.

Dwight L. King, Salt Lake City, for respondent.

WADE, Justice.

This is an intermediate appeal from an order of the District Court denying appellant's motion to dismiss the complaint and finding that under the Master Labor Agreement entered into between appellant and a labor union that under its terms, even in the absence of an express provision, an employee covered by it could not be discharged without just cause.

The complaint alleged that respondent at the time of her discharge was employed as a press operator by appellant and was the president and a member of the Grievance Committee of the Amalgamated Clothing Workers Local Union No. 562 which had entered into a collective bargaining agreement witth appellant. That respondent's discharge was without just cause and therefore in violation of the terms and conditions of the collective bargaining agreement.

The Collective Bargaining Agreement stated that its objects and aims were:

"(a) To effectuate a spirit of fair dealings between employer and employee.

"(b) To bring about and establish a high order of discipline and efficiency by the intelligent cooperation of employer and employee.

"(c) To provide for adjustment of all matters subject to arbitration by procedure hereinafter set forth.

"(d) To increase the standards of workmanship and conduct so as to insure a fair and proper quantity, quality and cost of production.

"(e) To raise the standards of the linen supply industry in the City of Salt Lake and vicinity so that it may command the respect and increased patronage of the public."

The agreement then, among other terms not pertinent to the question involved herein, provided in Article III that:

"The Company agrees not to suspend, discipline, discharge or discriminate against any employee for lawful union activities."

and in Article VIII that:

"The Company agrees in lay-offs and rehiring of employees to observe the principle of departmental seniority wherever reasonable in the light of efficiency. The Company, however, to be the judge of the qualifications in such matters. In applying seniority, the employer shall take into consideration length of service, merit and ability of the employee."

Articles XIII and XV also dealt with seniority rights. Article XIII deals with leaves of absences to be procured for necessary union activities without losing seniority rights and Article XV with leaves of absences to be granted female employees in maternity cases without loss of seniority.

The agreement also contained an arbitration provision, Article X, which reads:

"All controversies as to the interpretation and application of this master agreement that cannot be settled by the representative of the employer and the Union, within the period of one week from the date that the grievance is called to the attention of the other party in writing, shall submit the matter for decision to a Board of Arbitration * * *."

This article also contained a provision that the arbitrator's decision is binding on the parties.

■ Pursuant to the provisions of Article X of the agreement quoted above, a hearing was had before an arbitrator chosen by both parties. After the hearing this arbitrator found that respondent was not discharged because of her union activities in violation of Article III of the agreement, and he further stated in his decision that this was the only issue determined by him. That this was the only issue determined by the arbitrator was admitted by respondent in a pre-trial hearing of this case in the District Court. However, respondent now argues that the arbitrator determined that she had a continuing right to employment terminable only for just cause because the arbitrator in his conclusions pointed out that his de-

cision "should not in any way be construed as foreclosing or prejudicing her right to proceed in a court of law against the Company for a discharge 'without just cause.' " This contention is not tenable. The arbitrator having made it clear that he did not assume a determination of any issue other than the one as to whether respondent was discharged for lawful union activities in violation of Article III of the agreement, his comment could only reasonably mean that the arbitrator wanted it to be clearly understood that his decision did not preclude her from resorting to a court of law to determine whether under the agreement she had a right to not be discharged without just cause.

█ Whether respondent has a cause of action if she were discharged without just cause depends upon the terms of the contract, either express or implied, as stated in 35 Am.Jur. Sec. 34, page. 469:

"In the absence of something in the contract of employment to fix a definite term of service, or other contractual provision to restrict the right of the employer to discharge, or some statutory restriction upon this right, an employer may lawfully discharge an employee at what time he pleases and for what cause he chooses, without thereby becoming liable to an action against him. A general contract of hiring is ordinarily deemed a contract terminable at the will of either the employer or the employee * * *."

"Whether in any particular case an employer can discharge his employee without cause, and not incur liability, is a question to be resolved with reference to the express and implied terms of the contract * * *."

█ Respondent contends the court did not err in holding that even in the absence of an express provision in the agreement an employee covered by it could not be discharged without just cause because to hold otherwise would fail to give the agreement any substance whatever and would not aid in effectuating the objects of the agreement quoted above and would also make worthless the seniority rights contracted for therein. We cannot agree. The stated objectives might be of aid in interpreting any ambiguous provisions, if there were such in the agreement, but can be of no help in the absence of such a provision. The fact that there is an express provision in the contract relating to discharges, and that this provision merely limits the right to discharge only to lawful union activities, indicates that it is reasonable to presume that the parties did not intend to limit the common law right of the parties to discharge or to leave the employment at the will of either. Had there been such an intention it could easily have been incorporated in the agreement at the time the subject of causes for dis-

charge were being discussed by the parties. That the Company could not under this agreement discharge respondent for any cause other than lawful union activity without liability cannot be reasonably implied from this provision of the agreement. Neither can it be implied from the provisions pertaining to seniority rights. Seniority rights depend upon an employer-employee relationship, they do not guarantee that relationship, they merely define the rights of the employee when that status is in existence. See Fine v. Pratt, Tex.Civ. App., 150 S.W.2d 308, on page 312 where it says in this regard:

> " * * * The right of seniority as hereinbefore defined is not inconsistent with the right of an employer to discharge his employee. A right of seniority, as we think, exists upon the assumption of a continuing employment. It is superimposed upon the status of employer and employee * * *."

There being no express provision nor any provision in the agreement from which it should be implied that the Company's right to discharge an employee was limited to a discharge for just cause, the court erred in holding that the agreement did so limit its rights.

Reversed. No costs.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.