Fred H. BIHLMAIER, Plaintiff and Appellant,

v.

Lee A. CARSON, Defendant and Respondent.

No. 16301.

Supreme Court of Utah.

Nov. 2, 1979.

Brian C. Harrison, Provo, for plaintiff and appellant.

Phillip V. Christensen, Provo, for defendant and respondent.

MAUGHAN, Justice:

The plaintiff, Fred H. Bihlmaier, appeals the District Court's Order granting the defendant's motion for summary judgment. We affirm. All statutory references are to Utah Code Annotated, 1953, as amended.

The Defendant, Lee A. Carson, hereinafter Carson, is the founder and present manager of a small grocery store in Provo, Utah. Because of his advanced age and the desire to spend more time vacationing with his wife, the defendant sought a qualified individual to become the acting manager of the store.

Following extended negotiations between himself and Carson, the plaintiff left his previous job in California and accepted employment with the defendant. Due to his managerial experience and other qualifications, the plaintiff was hired by Carson as the prospective manager of the Provo store.

In his deposition, Carson explained, while the plaintiff was hired as the store manager, his continued employment and the assumption of complete managerial duties was conditioned upon the plaintiff's activities during a "trial period."

Shortly after his arrival in Utah and his beginning employment with the defendant, the plaintiff tried to purchase a house. His initial loan application was refused because Carson answered a question on the application form concerning the applicant's probability of continued employment with the statement; "continued employment depends upon applicant—hired on a trial basis only."

The plaintiff considered the defendant's refusal to change this statement a constructive discharge and breach of the oral employment contract. Thereafter the plaintiff terminated his employment with the defendant and initiated this suit to recover his alleged damages. The District Court granted defendant's motion for summary judgment and the plaintiff appealed.

■ A summary judgment must be supported by evidence, admissions and inferences which when viewed in the light most

favorable to the losing side establishes "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." [1]

Under the facts as presented in the depositions of the two parties, the final oral employment contract contained no express terms concerning the duration of the plaintiff's employment.[2] Rather, the evidence indicates that both parties intended the employment to be indefinite and terminable at the will of either party. The plaintiff explained in his deposition:

Q—Was there any agreement as to how long you would be employed with Mr. Carson?

A—Other than I was hired as a store manager, no, no specific time.

Q—There was no specific time at all, was there?

A—No. That is correct.

\* \* \* \* \* \*

Q—So you did understand and agree that your employment was for no definite period of time and might be terminated at any time without previous notice. Isn't that right?

A—Yes, I think that's fair, . . . .

 The general rule concerning personal employment contracts is, in the absence of some further express or implied stipulation as to the duration of the employment or of a good consideration in addition to the services contracted to be rendered, the contract is no more than an indefinite general hiring which is terminable at the will of either party.[3] The evidence presented in support of the summary judgment motion shows this was the express intent and understanding of the contracting parties.

 When an individual is hired for an indefinite time, he has no right of action against his employer for breach of the employment contract upon being discharged.[4] Thus, in the present case, since it was shown the term of employment was indefinite and terminable at the will of either party, even if the acts of the employer did constitute a constructive discharge of the plaintiff,[5] the plaintiff has no right of action against the employer for that discharge. Therefore, the defendant is entitled to a judgment as a matter of law and the granting of the summary judgment motion was proper.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

---

1. Utah Rules of Civil Procedure, Rule 56(c).

2. The written memorandum the plaintiff presented to Carson as a record of their oral agreement contained no express terms concerning the duration of the plaintiff's employment.

3. 53 Am.Jur.2d, § 32, p. 107; see *Crane Co. v. Dahle,* Utah, 576 P.2d 870, 872 (1978); *Bullock v. Deseret Dodge Truck Center, Inc.,* 11 Utah 2d 1, 354 P.2d 559 (1960); *Held v. American Linen Supply Co.,* 6 Utah 2d 106, 307 P.2d 210 (1957).

4. See *Jackson v. Minidoka Irrigation District,* 98 Idaho 330, 563 P.2d 54 (1977), where the court explains: "An employee who is hired for an indefinite period of time is known as an employee at will and it is well established that if he is not hired for some definite period of time he has no right of action upon being discharged." Id. at 57.

5. While it is generally conceded that the fact of discharge does not depend upon the use of formal words of firing, the words and actions of the employer must be sufficient to logically lead a prudent man to believe his tenure has been terminated. The statement made by the employer on the loan application, when viewed in relation to other statements made to the plaintiff, fails to fulfill this general test. See *Jackson v. Minidoka Irrigation District,* supra note 3, at 58, 59; *Hannifin v. Retail Clerks International Association,* 162 Mt. 170, 511 P.2d 982 (1973).