Lorena G. ROUSE, Plaintiff,

v.

PEOPLES NATURAL GAS
COMPANY, Defendant.

No. 83–1873–K.

United States District Court,
D. Kansas.

March 29, 1985.

David L. Patton, Patton & Kerbs, Dodge City, Kan., for plaintiff.

Don W. Bostwick, Adams, Jones, Robinson & Malone, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

Plaintiff Lorena G. Rouse brings this suit against Peoples Natural Gas Company for breach of implied employment contract. Peoples moved for summary judgment on the ground that there was no contract implied in fact. For the reasons stated below, the Court grants the defendant's motion for summary judgment.

There was no written contract of employment between Ms. Rouse and Peoples. Rouse contends that a contract implied in fact arises from certain terms of the employment manual which set forth discipline and termination procedures, and from the

prior conduct of Peoples, including a promotion, positive performance evaluations, and salary increases. Peoples contends that Ms. Rouse was terminated because of discourteous treatment toward a customer. She had received on one prior occasion a verbal warning that such conduct would not be tolerated. On the second occasion, she was discharged during a conversation with her supervisor. This discharge was not in accordance with procedures set forth in the employment manual which included an initial verbal discussion with the supervisor, a written summary outlining the misconduct, and written notice to the employee when the company was considering discharge of the employee.

Ms. Rouse contends that the employment manual constitutes an employment agreement implied in fact. Ms. Rouse contends the company's manner of discharging her was not in accordance with the policies and procedures set forth in the employment manual, and the company thereby breached its employment contract with Ms. Rouse. Ms. Rouse further contends that the company's favorable conduct toward her prior to her discharge and her reliance on that conduct created an implied contract. Ms. Rouse points to a favorable written performance evaluation, her promotion from temporary to full status, a salary increase, and two letters of commendation from company executives, as company conduct substantiating her claim of implied contract.

The defendant, Peoples Natural Gas Company, on the other hand, argues that the employment manual cannot be the basis of an implied contract because it was not mutually agreed upon, does not reflect mutual assent or a meeting of the minds, and is only a unilateral expression of the company's policies. Peoples argues that because there was no express or implied contract, Ms. Rouse's employment was terminable at the will of either party.

■ The general rule in Kansas is stated in *Johnson v. National Beef Packing Co.,* 220 Kan. 52, 551 P.2d 779 (1976), wherein the Court stated as follows:

[I]n the absence of a contract, express or implied, between an employee and his employer covering the duration of employment, the employment is terminable at the will of either party, and the employee states no cause of action for breach of contract by alleging that he has been discharged.

*Id.* at 54, 551 P.2d 779. The plaintiff in *Johnson* argued that the employment manual constituted an express or implied contract. The Court found that the manual contained no express provisions for a fixed term of employment, nor was there any language from which a contract could be inferred. The Court found that the manual was a general statement of company policies regarding employees' benefits. The Court stated the manual was only a unilateral expression of company policy and procedures; its terms were not bargained for by the parties and any benefits conferred by it were mere gratuities; and that no meeting of the minds was evidenced by the company's unilateral act of publishing company policies. The Court held that the employment manual did not constitute an enforceable contract.

■ This Court, in *Fletcher v. Wesley Medical Center,* 585 F.Supp. 1260 (D.Kan. 1984), recognized *Johnson* to mean that an employment handbook could be one of the relevant circumstances from which the parties' intent to contract could be inferred. *Id.* at 1264. The Court, however, went on to narrowly view the *Johnson* holding and stated that *Johnson* was consistent with the case of *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980). *Toussaint* held that employer statements of policy, such as an employment manual, could give rise to contractual rights in employees without evidence that the parties mutually agreed that the policy statements would create contractual rights and although the manual is a unilateral statement of company policy. This Court, in *Fletcher,* and in its Order of May 8, 1984, overruling defendant's motion to dismiss in the instant case, believed that the Kansas Supreme Court would accept the reasoning of *Toussaint.* Nevertheless,

this Court is now convinced that *Toussaint* is not the law of Kansas. This Court understands the rule of Kansas, as set forth in *Johnson v. National Beef Packing Co.*, to mean that express statements in an employment manual cannot alone create contractual rights in the employee; an employment manual alone, if it is merely a unilateral expression of company policy, if it is not bargained for between the employer and the employee, and if it is not a reflection of mutual assent between the parties, cannot alone be the basis of an implied contract. Nonetheless, an employment manual may be one of the relevant circumstances from which an implied contract can be inferred.

The recent decision of the Kansas Court of Appeals in *Allegri v. Providence-St. Margaret Health Center,* 9 Kan.App.2d 659, 684 P.2d 1031 (1984), follows the rule of *Johnson v. National Beef Packing Co.* In *Allegri*, the Court of Appeals considered additional circumstances surrounding the case, notably prior conduct of the hospital persuading the employee to remain working for the hospital and to forbear private practice. In face of these facts, the Court of Appeals held that a question of fact remained as to whether there was a contract implied in fact on the basis of the total circumstances of that case. *Allegri,* however, does not modify the rule of *Johnson.* The Kansas rule remains that an employment manual, that is only a unilateral expression of company policy and is not bargained for, cannot alone be the basis of an employment contract. *Accord, Bahr v. Blue Cross of Kansas, Inc.,* 672 P.2d 1107 (Kan.Ct.App.1983); *Brown v. Wyandot Mental Health Center,* 688 P.2d 745 (Kan. Ct.App.1984).

Courts in this district have consistently followed the rule of *Johnson v. National Beef Packing Co. See, e.g., Owens v. City of Derby, Kan.,* 586 F.Supp. 37 (D.Kan. 1984) (the employment manual was a unilateral statement of company policy and did not give rise to an express or implied contract); *Laughlin v. Bd. of Co. Comm'rs of Johnson Co., Kan.,* No. 83–2315 (D.Kan. Aug. 27, 1984) (employment manual was a

unilateral expression of county policy and did not constitute an express or implied contract); *Kasselman v. Hydrocarbon Transportation, Inc.,* No. 77–1353 (D.Kan., Apr. 7, 1980) (employment manual was not bargained for, was unilateral, was merely gratuitous, and did not constitute a contract).

■ It is uncontroverted that the employment manual of Peoples was a unilateral expression of company policy; plaintiff in no way bargained for her position on the basis of the policies defined in the manual; there was no mutual assent or meeting of the minds with respect to the employment policies; and thus, under the law of Kansas, Peoples' employment manual cannot be the basis of an implied contract. Ms. Rouse further argues that additional conduct by Peoples created an implied contract, that conduct being positive performance evaluations, letters of commendation, salary raises, and a promotion.

■ As the Court stated in *Allegri, supra,* whether the facts create an implied contract is generally a question of fact for the jury. In order for a court to grant summary judgment, the moving party must establish its entitlement to summary judgment beyond a reasonable doubt. *Madison v. Deseret Livestock Co.,* 574 F.2d 1027, 1037 (10th Cir.1978).

This Court is convinced beyond a reasonable doubt that the uncontroverted facts surrounding this case, including express statements in the Peoples' employment manual and prior conduct by Peoples, does not create an implied contract.