Ernie BRUNO, Plaintiff and Appellant,

v.

PLATEAU MINING COMPANY aka Plateau Leasing Company, a Delaware corporation, Defendant and Respondent.

No. 860185–CA.

Court of Appeals of Utah.

Dec. 22, 1987.

John E. Schindler (argued), Price, for plaintiff and appellant.

James B. Lee, James M. Elegante (argued), W. Mark Gavre, Parsons, Behle & Latimer, Salt Lake City, for defendant and respondent.

Before BENCH, JACKSON and GARFF, JJ.

## MEMORANDUM DECISION

JACKSON, Judge:

Appellant Ernie Bruno seeks reversal of an adverse summary judgment. We affirm the judgment of the trial court.

In December, 1983, Bruno resigned from his job with Plateau Mining Company ("Plateau") in the face of involuntary termination for fighting in the mine. He filed this action for wrongful discharge nineteen months later, claiming Plateau had violated its *de facto* policy—impliedly incorporated into the terms of his employment "contract"—of imposing only temporary suspension as the maximum penalty for fighting by employees.

Plateau moved for summary judgment on the basis of Bruno's deposition and the undisputed facts that he was hired as an employee-at-will and that the company's alleged policy of not firing fighters did not alter its ability to discharge Bruno, as an employee-at-will, at any time and for any reason.

Summary judgment was initially granted to Plateau, but then reconsidered upon Bruno's filing of a memorandum and affidavits from Bruno and another Plateau employee. Bruno claimed the affidavits created a material issue of fact about the existence or nonexistence of the alleged *de facto* policy; alternatively, he argued that this material issue of fact was raised by the pleadings and Bruno's deposition, even if the relevant portions of the affidavits were stricken, as requested by Plateau. The trial court did strike the key portions of the two affidavits because of the affiants' lack of personal knowledge or first-hand observation of the asserted facts. The court again granted summary judgment to Plateau because Bruno had not disputed that his employment was terminable at will and had shown no policy or practice of respondent that changed this term of his employment relationship.

This appeal presents two issues. First, did the court err in granting the motion to strike portions of the affidavits submitted by Bruno in opposition to the motion for summary judgment? Second, by claiming that Plateau's policy is to not discharge fighters, has Bruno presented a material issue of fact that precludes summary judgment?

Utah R.Civ.P. 56(e) provides that affidavits in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Accord Utah Farm Prod. Credit Ass'n v. Watts*, 737 P.2d 154, 157 (Utah 1987). Neither of the two affidavits submitted by appellant satisfies the requirements of this rule. In his affidavit, Bruno merely asserted:

That in eight (8) years of employment with defendant, affiant is aware of approximately thirty (30) individuals involved in fights approximately forty percent (40%) of which occurred underground. There was no termination of any of the individuals involved.

A co-worker, Vopel Lander, asserted in his affidavit that, during his approximately seven and a half years of employment by Plateau,

there were approximately twenty (20) individuals involved in fights. That approximately ten (10) of these were underground.

4. That no personnel actions were taken regarding these incidents.

Lander's brief affidavit fails to show affirmatively any basis for his competency to

testify to the matters stated. He asserts only that he was an employee of the mine, but does not state that he worked in some capacity, such as in personnel or management, that would give him first-hand knowledge of the facts asserted about the other, purportedly undisciplined fighters at the mine. Bruno's affidavit likewise does not demonstrate his competency to testify to past fights at the mine or the nature of any personnel actions taken against the participants. Indeed, his deposition testimony makes it clear that he knew of such incidents only by informally querying other co-workers about what they had heard, obviously making Bruno's assertions inadmissible. The trial judge thus properly struck these portions of the affidavits.

We next consider whether, even aside from the stricken affidavits, Bruno's pleadings and deposition presented a genuine issue of material fact regarding the content of Plateau's actual personnel policy toward employees who fight, making summary judgment inappropriate. In doing so, we must view all the facts in the light most favorable to the party opposing the motion and allow the summary judgment to stand only if the pleadings and discovery proceedings on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Utah Farm Prod. Credit Ass'n v. Wasatch Bank,* 734 P.2d 904, 905 (Utah 1987).

Bruno does not dispute that he was employed by Plateau as an employee-at-will and that he had no written employment contract. Instead, he claims that his employment relationship was altered during his employment by Plateau's actual policy of not firing employees for fighting, notwithstanding its written policy giving it the option to reprimand, suspend, or discharge employees for such conduct. Although never expressed in these terms, Bruno is in effect claiming that the company's practice created an implied contractual promise, enforceable by Bruno, that he would *not* be fired for fighting, despite his status as an employee-at-will and his admission that he did not bargain with Plateau for this new promise or allege that he gave any additional consideration for it.

■ The courts of several other jurisdictions have recently departed from traditional contract principles and have recognized implied contracts modifying an employee's terminable-at-will status based *solely* on an employer's unilateral statements of policy, such as those in an employee manual. *E.g., Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980).[1] *See generally* Annotation, *Employment at Will—Restraints on Discharge,* 33 A.L.R. 4th 120 (1984). However, such is not the law in Utah, which still follows the general common law rule concerning personal employment contracts:[2]

[I]n the absence of some further *express or implied stipulation as to the duration of the employment* or of a *good consideration in addition to the services contracted to be rendered,* the contract is no more than an indefinite general hiring which is terminable at the will of either party.

---

**1.** *See also Kufalk v. Hart,* 610 F.Supp. 1178, 1193 (N.D.Ill.1985) (following *Kaiser v. Dixon,* 127 Ill.App.3d 251, 252, 82 Ill.Dec. 275, 468 N.E.2d 822 (1984); *Leikvold v. Valley View Community Hosp.,* 141 Ariz. 544, 688 P.2d 170 (1984); *Wing v. JMB Property Management Corp.,* 714 P.2d 916 (Colo.App.1985); *Leithead v. American Colloid Co.,* 721 P.2d 1059, 1063 (Wyo. 1986) (new consideration for policy is the benefit to employer of an "orderly, cooperative and loyal work force"). *But see Brumbaugh v. Ralston Purina Co.,* 656 F.Supp. 582 (S.D.Iowa 1987) (applying Iowa law and rejecting *Toussaint* ); *Rouse v. Peoples Natural Gas Co.,* 605 F.Supp. 230 (D.Kan.1985) (applying rule of *Johnson v. National Beef Packing Co.,* 220 Kan.

52, 551 P.2d 779 (1976)); *Anderberg v. Georgia Elec. Membership Corp.,* 175 Ga.App. 14, 332 S.E.2d 326 (1985); *Walker v. Westinghouse Elec. Corp.,* 77 N.C.App. 253, 335 S.E.2d 79, *review denied,* 315 N.C. 597, 341 S.E.2d 39 (1986).

**2.** Many of the cases from other jurisdictions adhering to this "traditional" contract approach, as well as those modifying the general rule in the employment-at-will context (using either contract or promissory estoppel principles), are collected and briefly analyzed in *Brumbaugh v. Ralston Purina Co.,* 656 F.Supp. at 584–85 & n. 1–3.

*Bihlmaier v. Carson,* 603 P.2d 790, 792 (Utah 1979) (emphasis added). *See Crane Co. v. Dahle,* 576 P.2d 870, 872 (Utah 1978). An implied contract altering the employment-at-will relationship, like other contracts implied-in-fact, would require actions or conduct manifesting the mutual assent of both parties to be bound by the certain terms of their bargain. *See Fowler v. Taylor,* 554 P.2d 205, 208 (Utah 1976).

The Utah Supreme Court recently applied these principles in *Rose v. Allied Dev. Co.,* 719 P.2d 83 (Utah 1986), in which the plaintiff claimed that his employment-at-will had been transformed into a contract for a definite term, terminable only for cause, based on two conversations with his employer that led him to believe he would not be discharged while he attended school. Finding no mutual assent or the additional requisite consideration, the court held that neither the statements by the employer nor the employee's subjective understanding of them were sufficient basis for an implied contract. *Id.* at 86. Similarly, there is no allegation or evidence here of consideration for Plateau's alleged new promise, beyond those services Bruno was already performing.

■ The content of Plateau's actual policy toward employees who fight is not a material fact precluding summary judgment. Even if we assume that Plateau has a *de facto* personnel policy of not terminating employees who fight in its mines, this practice alone is not enough to establish Plateau's intentional surrender of its right to terminate Bruno's employment at will. Bruno's allegations, even if true, are insufficient as a matter of law to support an action based on implied contract within the *Bihlmaier* exception to the general at-will doctrine. Respondent was, therefore, entitled to judgment as a matter of law.

The judgment below is affirmed. Costs are awarded to respondent.

GARFF and BENCH, JJ., concur.