**Randy K. BOYD, Plaintiff,**

v.

**DOSKOCIL SAUSAGE COMPANY and Doskocil Companies, Inc., Defendants.**

No. 86–1986.

United States District Court, D. Kansas.

March 22, 1988.

**876**

James S. Phillips, Jr., Phillips and Phillips, Wichita, Kan., for plaintiff.

Charles P. Efflandt, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter comes before the court on the motion of Doskocil for partial judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). Boyd brought suit under Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981 for alleged racial discrimination in his termination of employment with Doskocil. Doskocil requests dismissal of Boyd's pendant state law claims for breach of an implied employment contract and breach of a covenant of good faith and fair dealing in his employment relationship. Doskocil argues that Kansas law does not recognize either cause of action. The motion for failure to state a claim upon which relief can be granted is properly pled at this time as a motion for judgment on the pleadings. Fed.R.Civ.P. 12(c), (h)(2). The court considered the briefs submitted and is prepared to rule.

The factual context of Boyd's dismissal is complex, controverted and need only be sketched here. Boyd worked at Doskocil from mid-1981 to mid-1985. He allegedly missed a significant number of days of work each year. In May 1985, he experienced ear and shoulder injuries. Doskocil suspended him in late May for excessive absenteeism. Boyd did not return to work after the suspension on the designated day, June 5, and Doskocil terminated him. Boyd claims he made arrangements with his supervisor to not work on that day and Doskocil fired him in violation of the agreement with the supervisor, company practice, and the company employee manual.

The standards governing a Rule 12(c) motion are not in dispute. All facts stated in the pleadings of the non-moving party are assumed to be true and all inferences are drawn in favor of the non-moving party. *Palmer News, Inc. v. ARA Services, Inc.,* 476 F.Supp. 1176, 1179 (D.Kan.1979); 5 C. Wright & A. Miller, *Federal Practice and Procedure* section 1368 at 693 (1969) (hereinafter *Federal Practice*); 2A J. Moore, J. Lucas & G. Grother, Jr., *Moore's Federal Practice,* paragraph 12.15 at 12–106 (1987) (hereinafter *Moore's*). A court cannot grant a Rule 12(c) motion if a genuine issue of fact exists. *Federal Practice* section 1368 at 690; *Moore's* paragraph 12.15 at 12–111–112. Professor Wright counsels that "hasty or imprudent use of this summary procedure by the courts violates the policy of ensuring to each litigant a full and fair hearing on the merits of his claim or defense." *Federal Practice* section 1368 at 690; *accord Moore's* paragraph 12.15 at 12–106.

In reviewing the motion for judgment on the pleadings, the court is also mindful of the general theory of pleadings under the Federal Rules of Civil Procedure. The pleading requirements are reduced to a minimum; "they [pleadings] do little more than indicate generally the type of litigation that is involved." *Moore's* paragraph 8.03 at 8–10 (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1955)). Professor Moore explains that "(*l*)itigation is not an art in writing nice pleadings. Unless the facts of the case are essentially undisputed, a case can seldom be decided on its merits at the pleading stage. In the federal courts very few *contested* cases are settled on the pleadings." *Id.,* paragraph 8.02 at 8–9 (emphasis in original).

■ The court grants Doskocil's motion to dismiss the portion of the second cause of action that relies on an "implied covenant of fair dealing." Dkt. no. 26, paragraph 4. Boyd concedes that the Kansas Supreme Court's ruling in *Morriss v. Coleman Co., Inc.,* 241 Kan. 501, 738 P.2d 841, 851 (1987), precludes this claim. Dkt. no. 32 at 1. This court is bound to follow the pronouncements of the state court and orders the covenant of fair dealing/good faith language struck from Boyd's amended complaint, Dkt. no. 26, paragraph 4.

■ The court cannot grant Doskocil's motion to dismiss Boyd's claim for breach of an implied employment contract. Doskocil contends that its employee handbook, by itself, cannot form an implied employment contract. Doskocil misconstrues Boyd's amended complaint and applicable case law. First, the implied contract claim is based on the employee handbook *and* on discussions with his supervisors. Dkt no. 26, paragraph 5 and paragraph 4 incorporated by reference. While Boyd's amended complaint does not specify all the factual contentions contained in the pretrial order, Dkt. no. 34 at 8–12, and is not a model pleading, the court is not persuaded that the complaint did not apprise Doskocil of the nature of the cause of action and the likely scope of the evidence.

Second, recent developments in Kansas law preclude entering judgment on the pleadings. In *Morriss,* the Kansas Supreme Court concluded that "*Allegri (v. Providence–St. Margaret Health Center,* 9 Kan.App.2d 659, 684 P.2d 1031 (1984)) is important because it established clearly the rule that intent of the contracting parties is normally a question of fact for the jury and that the determination of whether there is an implied contract in employment requires a factual inquiry." 738 P.2d at 848. As noted above, an issue that involves a factual inquiry is not subject to resolution on a Rule 12(c) motion. *Federal Practice* section 1368 at 687–88; *Moore's* paragraph 12.15 at 12–111. The parties did not either submit stipulated facts to allow the court to rule on the pleadings or submit evidence outside the pleadings to convert this to a motion for summary judgment. With the case in the current posture, the court cannot make a dispositive ruling on the fact specific implied contract question.

Doskocil makes no attempt to distinguish or even mention *Morriss.* Dkt. no. 29 at 10–13. Instead, Doskocil relies on two pre-*Morriss* cases; neither are remotely persuasive. First, Doskocil misreads a paragraph in *Allegri,* 9 Kan.App.2d at 664, 684 P.2d 1031, to support a hypothetical finding by the court of appeals of no implied contract in a situation similar to the instant case. Dkt. no. 29 at 12–13. The court examined the passage in detail and finds no support for Doskocil's construction of the dicta passage.

Doskocil also argues that an employee handbook alone can never form the basis of an implied employment contract, citing *Rouse v. Peoples Natural Gas Co.,* 605 F.Supp. 230, 232 (D.Kan.1985). This argument is inapplicable here because Boyd points to conversations with his supervisors *and* the employee manual to support his implied employment contract. *Rouse* is also a dubious precedent after *Morriss.* The *Morriss* court found a genuine issue of fact on the existence of an implied employment contract and reversed the trial court's entry of summary judgment for the defendants. 738 P.2d at 849. The court in *Morriss* relied exclusively on the pertinent employee manual and subsequent bulletins

to the manual to find evidence to controvert the implied contract question. 738 P.2d at 843–4, 849. The validity of the *Rouse* rule on employee manuals, even if factually applicable to this case, does not survive *Morriss.*

By this ruling, the court intimates no position on the actual existence of an implied employment contract. The court has received no facts to determine this question. The court does find that the existence of an implied employment contract is a fact question that the court cannot resolve on a motion for judgment on the pleadings.

IT IS BY THE COURT THEREFORE ORDERED that Doskocil's motion for judgment on the pleadings is granted on the cause of action based on an implied covenant of good faith and fair dealings and denied on the cause of action based on an implied employment contract.