Marilyn LOOSE, Plaintiff and Appellant,

v.

NATURE–ALL CORPORATION, a Utah corporation, Dr. LaMar Rosquist, Dr. Gary Whitley, E. Ross Porter, Dr. Byron Rosquist, and Gary A. Barnes, Defendants and Appellees.

No. 870308.

Supreme Court of Utah.

Nov. 27, 1989.

Robert M. Orehoski, Orem, for plaintiff and appellant.

Charles Hanna, Salt Lake City, for defendants and appellees.

DURHAM, Justice:

This is an appeal from a judgment dismissing, after trial, the claims of plaintiff

Marilyn Loose for wrongful termination by Nature–All Corporation and individual members of its board of directors, the defendants in this case. We affirm.

Plaintiff was hired by defendant corporation as a bookkeeper in 1981 and was promoted to the position of general manager in 1982. In 1984, two members of the corporation's board of directors prepared and delivered to plaintiff a written document containing criticisms of her performance and a series of directives for changes. This document was entitled "Office Procedure Evaluation" (hereinafter Evaluation) and included the following language regarding hiring and termination practices:

All employees except key employees will be hired at Marilyn Loose's discretion.... When firing an employee, Marilyn should review with the members of the board with at least three members [sic] approval before the termination slip is issued. All firing reasons must be valid and tied into at least the following [sic] disloyalty to Nature–All, theft, continual tardiness, dishonesty in any way, continued errors and insubordination to the officers of the company or Marilyn.

Plaintiff objected in writing to a majority of the directives contained in the Evaluation and specifically noted the following regarding hiring and firing:

It would be unfair to restrict me from releasing an employee that is causing problems but felt secure because they know the President or Vice-president and feel they can take liberties and remain on the job. I could not manage properly without the right to release an employee if it becomes necessary. I object to your new policy.

After plaintiff and the board of directors were unable to resolve their conflicts over the numerous management directives contained in the Evaluation, plaintiff received a termination notice from the board. As the trial court below noted, the termination notice specified that plaintiff was being fired for "usurping management, failure to carry out the policy of the Board of Directors, lack of communications with the Board of Directors, and irreconcilable differences with employees."

In its findings of fact, the trial court found that the Evaluation "did not contain a statement of the defendant corporation's policy as to reasons for termination of plaintiff's employment but rather was a directive to plaintiff to follow in terminating other employees." The court further found that there was "no evidence that any special cause must attend [plaintiff's] termination." Under the principles of the then-controlling doctrine of employment at will, the trial court held that defendants could not be liable to plaintiff for wrongful termination. Plaintiff challenges the trial court's findings of fact on the question of the existence of a corporate termination policy.

Since this case was tried and briefed on appeal, this Court has decided the case of *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033 (Utah 1989), in which a majority of the Court explicitly recognized exceptions to the employment-at-will doctrine. The post-*Berube* exceptions to the employment-at-will doctrine in Utah include termination in violation of public policy or implied-in-fact terms of employment contracts (as well as express terms, an already recognized exception to the at-will principle). A majority of the Court declined to recognize a cause of action based on violations of a covenant of good faith and fair dealing.

In this case, the trial court's memorandum decision contains the following finding:

[T]he plaintiff has failed to establish any liability on the part of the defendant [sic] for terminating her even though the Court finds that the termination was not made in good faith and fair dealing to her, since the contract was entered into for an indefinite period of time without any stipulation in the agreement requiring any particular cause for discharge, nor did that change during her employment by defendant.

It is thus clear that the trial court specifically considered and made findings on the existence of an express or implied-in-fact promise to plaintiff regarding the grounds for termination of her employment. Plain-

tiff challenges those findings, but they are of course due considerable deference under the applicable standard of review. *Jolivet v. Cook*, 784 P.2d 1148 (Utah 1989). We have reviewed the record and conclude that the trial judge's findings are supported by the evidence. Although plaintiff testified that the grounds for termination enunciated in the Evaluation reflected basic corporate policy communicated to her at the time she was hired, there was no corroboration of her testimony,[1] and the trial judge was justified in disregarding it. Because Utah law does not recognize a cause of action for violation of a covenant of good faith and fair dealing, and because plaintiff failed in her burden of proof regarding an express or implied term of her employment agreement with defendants (and because no issues affecting public policy were pleaded), we must affirm the trial court's judgment of dismissal.

HALL, C.J., HOWE, Associate C.J., and ZIMMERMAN, J., concur.

STEWART, J., concurs in the result.

---

1. Plaintiff relies on the testimony of Lamar Rosquist for corroboration, in that he said, "I'm sure [a policy that said that people would only be terminated for certain reasons] was in our original corporate bylaws." When asked directly whether there was a corporate policy concerning termination of employees prior to the preparation of the Evaluation, however, he replied, "I would not know. The Corporation papers were in Marilyn's possession, and myself and the other members of the Board of Directors were not privileged to have these papers in our possession." In light of all the testimony, the trial judge was justified in concluding that plaintiff had not met her burden of showing the existence of an express or implied-in-fact term.