A.P. WINTER, Plaintiff and Appellant,

v.

NORTHWEST PIPELINE CORPORATION, Kenneth J. Stracke, R. Juanita Reid, Defendants and Appellees.

No. 890182.

Supreme Court of Utah.

Oct. 30, 1991.

Teresa Silcox, Paul E. Pratt, Salt Lake City, for Northwest Pipeline, Kenneth J. Stracke, and R. Juanita Reid.

A.P. Winter, pro se.

STEWART, Justice:

Plaintiff A.P. Winter, acting pro se, appeals from a partial summary judgment in favor of defendant Northwest Pipeline Corporation ("Northwest"). He also seeks to appeal from a number of court orders entered throughout the course of the trial court proceedings.

In January 1981, Northwest hired Winter as manager of its Reserves and Evaluations Department. Winter alleges that his efforts to bring unsafe field conditions to the attention of superiors caused Northwest to attempt to force his resignation. Winter also alleges that because he refused to resign, Northwest dismissed him in June 1981. Winter asserted a number of charges and claims arising out of these circumstances, including breach of contract, wrongful discharge, slander and defamation, malice, perjury, negligence, and wrongful deprivation of employment benefits.

Winter filed a number of original complaints that were consolidated and also a number of amended complaints, which have caused some confusion. At best, the posture of the case and the issues properly before this Court are both confusing and problematic. On April 24, 1987, the trial court entered an order dismissing all Winter's claims except for the unemployment benefits and wrongful termination claims. Winter then filed a new complaint based on the same causes of action and later attempted to file a third amended complaint, which would have added claims for negligent and intentional infliction of emotional distress. The trial court consolidated the new complaint with the initial complaints. However, the court did not allow Winter to file the third amended complaint and once again limited the claims to wrongful termination and wrongful deprivation of unemployment benefits.

The trial court's April 24, 1987 order dismissed Winter's slander claim. It was

undisputed that the slander claim arose in June 1981, shortly before Winter's dismissal. The trial court held that claim barred because it was not brought within the one-year statute of limitations. The trial court also dismissed the negligence claims because Winter pleaded only acts showing intentional conduct, not negligence. After finding that Winter was an at-will employee, the trial court also dismissed the breach of contract claim. Winter's malice and perjury claims were also dismissed because Utah law does not provide for such causes of action. Finally, on a summary judgment motion, the trial court dismissed the malicious or wrongful termination of employment claim. The trial court entered judgment on Winter's claim for unemployment benefits in the amount of $3,600 plus interest and also awarded $400 for unreimbursed medical expenses.

We review a grant of summary judgment for correctness, giving no deference to the trial court's conclusions of law. *Plateau Mining Co. v. Utah Div. of State Lands and Forestry,* 802 P.2d 720, 725 (Utah 1990); *Ron Case Roofing and Asphalt Paving, Inc. v. Blomquist,* 773 P.2d 1382, 1385 (Utah 1989). Summary judgment allows the parties to pierce the pleadings to determine whether there are any genuine issues of material fact. *Reagan Outdoor Advertising, Inc. v. Lundgren,* 692 P.2d 776, 779 (Utah 1984). In reviewing a summary judgment, we construe the record in the light most favorable to the party opposing the motion. *Id.* at 778.

■ Because there are no civil causes of action for malice and perjury, the trial court correctly dismissed these claims. The trial court also properly dismissed the negligence claims. On appeal, Winter has not directed the Court to any facts presented to the trial court which support his claims of negligence; nor has he argued such facts on appeal. The dismissal of Winter's slander claim was also appropriate because it was not brought within the one-year period provided by the applicable statute of limitations. Utah Code Ann. § 78-12-29(4).

■ Summary judgment on Winter's breach of contract and wrongful termination claims must also be upheld. Winter offers no evidence of any express or implied contract terms that might have modified an at-will employment contract. Winter's theory is that he incurred a legal detriment by moving to Salt Lake City to take a job with defendant. However, Winter offers no legal analysis to support this theory.[1]

■ Winter's wrongful termination claim also fails. This Court has recognized a public policy exception to the at-will employment doctrine, but Winter offers no authority or legal analysis for the proposition that his termination violated public policy.[2] Although this Court has generally been more lenient with pro se litigants and applied established fundamental rules of law in favor of a litigant who has not presented them with the precision of an attorney, it would nevertheless be beyond our role as judges to become advocates for

**1.** Winter has cited *Bihlmaier v. Carson,* 603 P.2d 790 (Utah 1979), but that case does not support his position. In *Bihlmaier,* a plaintiff left his job in California to take employment in Utah. Without addressing a legal detriment theory, the Court held that absent express or implied terms to the contrary, an indefinite term of employment is terminable at will by either party. *Bihlmaier,* 603 P.2d at 792.

**2.** Although he cites no authority, Winter correctly argues that there is a public policy exception to an at-will employment relationship. *See Hodges v. Gibson Products,* 811 P.2d 151, 164 (Utah 1991); *Loose v. Nature–All Corp.,* 785 P.2d 1096, 1097 (Utah 1989); *Berube v. Fashion Centre, Ltd.,* 771 P.2d 1033, 1043 (Utah 1989). The area of the law he invokes is clearly in a state of

development, and at this time, there are no established fundamental rules of law in this jurisdiction that support his claims. Although his claim might have a basis in law, we have never decided a case that could be construed as authority for providing him relief on the issue presented.

Also, Utah law prevents the termination of an employee because of the filing of a complaint related to the Utah Occupational Safety and Health Act of 1973. Utah Code Ann. § 35-9-11 (1988). *See also* Annotation, *Liability for Discharge of At–Will Employee For In–Plant Complaints or Efforts Relating to Working Conditions Affecting Health or Safety,* 35 A.L.R.4th 1031 (1985 & Supp.1991).

a pro se party. That, indeed, would be both highly improper and unfair to opposing parties. This Court will not, therefore, address Winter's argument regarding wrongful termination, because it is totally unsupported by legal analysis or authority. *See State v. Wareham,* 772 P.2d 960, 966 (Utah 1989); *State v. Amicone,* 689 P.2d 1341, 1344 (Utah 1984).

■ Furthermore, Winter has failed to raise an issue of material fact regarding his wrongful termination claim. The essence of Winter's claim is that, because of his investigation and report of unsafe conditions at various gas well sites, Northwest retaliated and attempted to force Winter to resign by creating an atmosphere of duress. Winter alleges that because he refused to resign, he was eventually fired. Utah Rule of Civil Procedure 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e) also requires that an affidavit in opposition to a motion for summary judgment set forth facts that would be admissible in evidence. *Norton v. Blackham,* 669 P.2d 857, 859 (Utah 1983). Winter filed his own affidavits in opposition to defendants' motion for summary judgment. In those affidavits, Winter stated that he did not resign from his job, but was terminated by Northwest. In addition to his own testimony, Winter included evidence from internal memoranda at Northwest supporting his statement that he was terminated. Winter also stated that he made written and oral reports to Northwest about safety problems in field operations. Included in one of the affidavits is a copy of a handwritten report Winter claimed to have submitted to Northwest. The supplemental affidavit also contains internal memoranda of Northwest in support of Winter's statement that he submitted a report on unsafe conditions. Finally, Winter stated in his affidavits that he was terminated in retaliation for his report of "uncertain unsafe field conditions." According to Winter, his supervisor at Northwest responded to Winter's report by accusing him of "being a 'whistle-blower' for which he said [Northwest] had no room."

Although Winter presented some specific facts in his affidavits, he has failed to raise a genuine issue of material fact as to his wrongful termination. Winter has not demonstrated that any safety rules, whether established by statute or by governmental or company regulation, have been violated. He points to no evidence of specific unsafe conditions in field operations and relies only on his own unsupported conclusions. Allegations of a pleading or factual conclusion of an affidavit are insufficient to raise a genuine issue of fact. *See Treloggan v. Treloggan,* 699 P.2d 747, 748 (Utah 1985); *Reagan Outdoor Advertising, Inc. v. Lundgren,* 692 P.2d 776, 779 (Utah 1984). Plaintiff, therefore, failed to raise a genuine issue of fact as to his wrongful termination in violation of public policy.

■ Finally, Winter's appeal from various trial court orders also fails. He does not specify any particular order from which he appeals, does not assign any particular error, and offers no legal authority or analysis in support of his position. Furthermore, it is unclear whether Winter seeks to appeal the judgment in his favor on the unemployment benefits claim and whether he seeks attorney fees. Even if he has raised those issues on appeal, Winter has not provided this Court with any analysis or authority in favor of such claims. Because those issues were not properly raised before the Court, they will not be addressed.

Affirmed.

HOWE, Associate C.J., DURHAM, J., and BILLINGS, Court of Appeals Judge, concur.

HALL, C.J., concurs in the result.

ZIMMERMAN, J., having disqualified himself, does not participate herein; BILLINGS, Court of Appeals Judge, sat.